THOMAS W. COLLINS and another *v.* PETER DALY and others.

The purchaser at a sheriff's sale cannot refuse to pay the price he has bid, on the
ground that there existed mortgages on the property of an older date than that
under which he purchased, or that the legal formalities have not been complied
with, unless he has been disturbed in his possession, or has just reason to apprehend
that he will be.   C. P. 710.

APPEAL from the City Court of New Orleans, *Cooley*, J.

GARLAND, J.   Daly obtained two judgments against Donald-
son as drawer, and Walker as endorser of a promissory note.   On
one of them an execution was issued, and, by the consent in
writing of the wife of the endorser, two lots, which she had some-
time before purchased, were seized, and sold on twelve months
credit, to satisfy the execution.   They were adjudged to Don-
aldson, who executed three twelve months bonds to the City
Marshal, amounting together to about $470, on which Collins
became security.   The bonds were not paid when due.   An exe-
cution was issued and levied on the lots, which were sold for
$135 in cash.   For the purpose of making the balance of the
money, a seizure was made of certain rights and credits belonging
to Collins, whereupon he and Donaldson presented a petition,
stating that Daly had obtained a judgment against Walker alone;
and that under it, the aforesaid lots had been seized, sold, and
purchased as before stated, and again sold.   The petitioners aver
that they have since discovered that the lots, although sold as
clear of mortgages, and as the property of Walker's wife, in fact
belonged to the community between Walker and his wife, and
that they are encumbered with various mortgages greatly exceed-
ing their value.   They further allege, that if the property really
belongs to Walker's wife, it is not liable to seizure and sale for

the debts of her husband, even with her consent; and that the deed from the marshal conveys all the right of Walker's wife to the lots, instead of that of Walker himself. They aver that for these reasons they have refused to pay the twelve months' bonds; they pray for an injunction against the marshal of the City Court, Daly, and Walker, and his wife, and for a rescission of the sale.

The answer is a general denial; an averment that the lots were sold to pay a debt due by Donaldson; and that he knew every thing about the title to, and incumbrances on the lots. The defendants, therefore, pray for a dissolution of the injunction, and for a judgment against the petitioners, and their security, *in solido*, for ten per cent interest on the amount due, and for twenty per cent damages.

The court below dissolved the injunction, allowing interest and damages; and the plaintiffs, with their security have appealed.

We have not a doubt of the correctness of the judgment. On the part of Donaldson, neither law or equity will sustain him. Under an execution against the endorser of his note, the property of the wife of the endorser was seized by her consent; he (Donaldson) purchases it on twelve months credit; and, at the expiration of the time, instead of paying his debt, and restoring to her the property, he permits it to be sold, and afterwards attempts to set aside the sale by pretending that there were defects in the title to the lots, which he ought as an honest man, to have protected from sale, and have restored to the rightful owner.

It is the well established doctrine of this court, that the purchaser at a sheriff's sale cannot refuse to pay the price he has bid, on the ground that there existed mortgages on the property previous to that under which he buys, or that the legal formalities have not been complied with, unless he has been disturbed in his possession, or has just reason to apprehend it. Such is the language of article 710 of the Code of Practice, and of the court under the law as it existed previously. 4 Mart. 400. 3 Mart. N. S. 220, 674. 5 Ib. 79. Donaldson has not shown any disturbance of his possession of the lots, nor any reasonable ap-

prehensions of it; and the zeal now shown to protect the interest of Walker's wife comes rather too late to obtain credit for sincerity. We shall leave it to her care, and that of her husband.

The appellees have asked us to amend the judgment of the City Court in their favor, by allowing ten per cent interest on the amount enjoined, and twenty per cent damages against the plaintiffs and their surety. The case presents so little equity, that we think it but right to make the plaintiffs pay a higher rate of damages than that allowed by the judge below.

The judgment of the City Court is therefore amended, by allowing the plaintiffs twenty per cent damages, to wit, the sum of sixty-eight dollars and fifty cents; and in other respects it is affirmed, with costs.

*Preaux*, for the appellants.

*Burtlette*, for the defendants.